UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDWARD HONIG, on behalf of himself and
class of similarly situated individuals,

      Plaintiff,

vs.

THE LEVINBOOK LAW FIRM, P.C., a New
York professional corporation,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Edward Honig, brings this action to secure redress from the unlawful credit and collection practices engaged in by Defendant, The Levinbook Law Firm, P.C.

2. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. *See*, 15 U.S.C. § 1692e.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See Bentley v Great Lakes Collection Bureau*, 6 F.3d 60, 62-63 (2d Cir. 1993).

5.  In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

6.  Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

7.  The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

8.  Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 et seq.

9.  The use of any false, deceptive, or misleading representation or means in connection with the collection of any debt establishes a concrete injury for purposes of Article III standing. *See Bautz v. ARS Nat. Services, Inc.*, 226 F. Supp. 3d 131, 145 (E.D.N.Y. 2016).

10. Claims under 15 USC § 1692e are evaluated with respect to the least sophisticated consumer standard. *Sparkman v. Zwicker & Associates, PC*, 374 F. Supp. 2d 293 (E.D.N.Y. 2005).

**VENUE AND JURISDICTION**

11. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

12. Venue and personal jurisdiction in the Eastern District of New York are proper because Defendant resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

## PARTIES

13. Plaintiff Edward Honig is a natural person and a resident of Lawrence, New York.

14. Edward Honig is a consumer as defined by 15 U.S.C. § 1692a(3).

15. Defendant, Levinbook Law Firm, P.C., is a New York professional corporation whose address of record is 77 Arkay Drive, Suite C1, Hauppauge, New York 11788.

16. Levinbook Law Firm, P.C. regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Levinbook Law Firm, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

## FACTUAL ALLEGATIONS

18. On or about September 10, 2019, the form debt collection letter (the "Letter") attached as <u>Exhibit A</u>, bearing the header "The Levinbook Law Firm, P.C." was mailed to Plaintiff for the purpose of collecting an alleged debt, purportedly owed to Zwanger-Pesiri Radiology. The Levinbook letter concerned Account Number 1156333 for the Dates of Service 01/29/19.

19. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. The Letter states in part, "Our records indicate that we have not receive [sic] a response to our previous letter which was sent by this office to you in regard to the above-referenced medical debt owed to the above-referenced creditor."

21. Defendant did, in fact, receive a response to a previous Levinbook letter for Account Number 1156333 for the Date(s) of Service 01/29/19.

22. The response was in the form of the lawsuit captioned *Honig v. The Levinbook Law Firm, P.C.*, No. 2:19-cv-03898 (E.D.N.Y. Filed July 5, 2019) ("*Honig I*"), wherein Defendant was sued for violating the FDCPA while attempting to collect on the same account and date of service as that referenced in the Letter.

23. The Letter goes on to state, "At this time, no attorney associated with our office has reviewed the particular circumstances of your account with our client."

24. In fact, *no one* from The Levinbook Law Firm, P.C., has reviewed the template of the form letter it sends to consumers.

25. Defendant exercises little to no control or oversight over it's debt collection correspondence, allowing it's creditor clients to contact consumer's under the guise of an attorney's office by use of an attorney letterhead.

26. The collection Letter is one of thousands, of mass-produced, computer-generated, form letters prepared on The Levinbook Law Firm, P.C. letterhead for the purpose of extracting payment from consumers who allegedly owe debts to Defendant's clients.

27. By Defendant's own admission, the form letters are sent without any actual involvement of The Levinbook Law Firm, P.C.

28. The collection letters are printed and transmitted by an out of state printing

and mailing service.

29. Maintaining the advisory that no attorney associated with The Levinbook Law Firm, P.C. has reviewed the particular circumstances relevant to your medical account, on all Levinbook stationery, does not shield a collection lawyer, especially when the advisory is false.

30. Despite prior litigation, Defendant is unable to control, flag or stop its correspondence from its automated destination irrespective of identifiers such as Account Number or Dates of Service.

31. The ratio of collection letters issued by Levinbook to Levinbook Law Firm Attorney staffing level, results in unmanageable risk and subsequent harm to recipient consumers.

32. Upon information and belief, Defendant Levinbook's policy is to have no minimum dollar value for which it will allow its attorney collection letters to be sent to consumers. In this instance the dollar amount the law firm sought is $5.53.

33. Issuance of unreviewed attorney collection letters at the direction of a creditor constitutes a violation of 15 U.S.C. 1692j(a).

## COUNT I – FDCPA – CLASS CLAIM

34. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

35. The sending of letters such as <u>Exhibit A</u> violates 15 U.S.C. §§1692e, *et seq*.

36. Section 1692e, generally, provides prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is

a violation of this section:

> § 1692e(3): The false representation or implication that any individual is an attorney or that any communication is from an attorney.

> § 1692e(10): The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer.

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

38. The class consists of (a) all natural persons (b) who were sent a letter in the form represented by Exhibit A (c) to collect an alleged debt (d) which letter was sent on or after a date one year prior to the filing of this action, and on or before a date 21 days after the filing of this action.

39. On information and belief, based on the volume of Defendant's operations and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is impracticable.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Exhibit A violates the FDCPA by:

(i) Whether Exhibit A, when viewed under the least sophisticated consumer standard, comprises a false representation or implication that any individual is an attorney or that any communication is from an attorney;

(ii) Whether Exhibit A, when viewed under the least sophisticated consumer standard, constitutes a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer.

41. Plaintiff's claim is typical of the claims of the class members. All are based on

the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute, because: (a) individual cases are not economically feasible; (b) consumers may not realize that their rights are violated, and; (c) Congress intended class actions as a principal means of enforcing the FDCPA.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class Members and against Defendant for:

(a) A declaration that Defendant's communication violates the FDCPA;

(b) Statutory damages;

(c) Attorney's fees, litigation expenses and costs of suit;

(d) Such other or further relief as the Court deems proper.

Dated: Uniondale, New York
November 4, 2019

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York  11556-0626
Telephone  (516) 522-2621
Facsimile  (888) 522-1692
akleinman@kleinmanllc.com

# EXHIBIT A TO COMPLAINT



# THE LEVINBOOK LAW FIRM, P.C.
77 ARKAY DRIVE, SUITE C1
HAUPPAUGE, NEW YORK 11788

Neil S. Levinbook
*Admitted in NY & NJ

Randi Seidner
*Admitted in NY

Paul A. Montuori
Of-counsel
*Admitted in NY & MA

TELEPHONE: (631) 612-2732
TOLL FREE: (855) 699-1818
All inbound and outbound telephone calls may be monitored and/or recorded

FAX: (631) 291-9570

September 10, 2019

Creditor: ZWANGER-PESIRI RADIOLOGY
Patient Name: EDWARD HONIG

Account Number: 1156▇▇
Date(s) of Service: 01/29/19 - 01/29/19
Amount Due: $5.53

Dear EDWARD HONIG:

Our records indicate that we have not receive a response to our previous letter which was sent by this office to you in regard to the above-referenced medical debt owed to the above-referenced creditor. At this time no attorney associated with our office has reviewed the particular circumstances of your account with our client.

The above-referenced creditor has retained our office to collect this debt. Please contact our office so that we may discuss resolution of this debt if you wish.

If you wish to pay this debt, or any portion thereof, you may make payment by check made payable to "The Levinbook Law Firm, P.C." and mail your check to the address set forth at the top of this letter. Please place your account number (as set forth above) on your check. You may also pay by money order or credit card.

You may also make payment online by going to: https://www.paydatacenter.com
Your information for payment is as follows:
Access Code: LLFPAY Account Number: 00389520 PIN: 37666

If you have any questions, please contact Pat L. at (631) 612-2732.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 2046652

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

---

THE LEVINBOOK LAW FIRM P C
77 ARKAY DRIVE SUITE C1
HAUPPAUGE NY 11788

ADDRESS SERVICE REQUESTED

EDWARD HONIG


THE LEVINBOOK LAW FIRM, P.C.
77 ARKAY DRIVE SUITE C1
HAUPPAUGE NY 11788

MDC002-0910-1247603969-01897-1897